■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE EDWARD SUTTON, Appellant. — Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered July 26, 1983, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

On August 19, 1982, at approximately 2:30 A.M. in the Town of Cairo, Greene County, two State troopers stopped a vehicle driven by defendant for running a stop sign. One of the police officers approached the vehicle from the passenger side and, with the aid of a flashlight, observed on the floor of the driver's side a razor blade with a white residue and three "cut straws". He recognized these items as paraphernalia used to sniff cocaine. A vial, containing a white substance, located in the vehicle's ashtray was also visible. Educated in identifying controlled substances, the officer concluded that the white substance on the razor blade and in the vial was cocaine and ordered defendant and the passenger out of the car. After seizing the afore-mentioned items, he placed both persons under arrest for criminally possessing a controlled substance. The officer then entered the vehicle to further examine its interior and discovered a locked money bag protruding from below the passenger seat. Because the contents of the bag did not feel like money, he opened the bag with a key taken from defendant; the bag contained cocaine. County Court's denial of defendant's motion to suppress the seized evidence generated this appeal.

We affirm. Defendant's contentions that his arrest was without probable cause and that the subsequent search of the locked money bag was unlawful are not at all persuasive. Given that there was a valid reason for stopping defendant's vehicle, i.e., the traffic infraction, and that an experienced officer from a lawful vantage point observed a narcotic-like substance and what he perceived to be narcotic paraphernalia in plain view, probable cause for defendant's arrest existed (see People v McRay, 51 NY2d 594, 605). Having effected a well-grounded arrest for drug possession, the officer was justified in believing that drugs were located somewhere in the vehicle and was

therefore free to contemporaneously search the passenger compartment, including any containers found therein (*People v Belton,* 55 NY2d 49, 55), even a locked one (*People v Langen,* 60 NY2d 170, 180-181, cert den __ US __, 104 S Ct 1287).

This disposition makes the People's claim that defendant lacks standing to contest the search of the vehicle superfluous.

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.