THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE V. ALONSO, Appellant.—

We conclude that the court properly invalidated the search warrant. The informant's and officer's averments and testimony in support of the warrant application were vague and contradictory. Further, there was an insufficient showing that the informant's allegations were based on personal knowledge. Finally, neither the applicant nor the informant established a sufficient connection between their allegations and the car sought to be searched.

Additionally, we conclude that police had insufficient information to support a warrantless search of the vehicle as incident to the defendants' arrest. Assuming, arguendo, that police properly stopped the car and arrested certain of its occupants for assault on the informant's wife, we nonetheless conclude that police lacked the requisite probable cause to search the car pursuant to the incidental search or automobile search doctrines (see, United States v Ross, 456 US 798; New York v Belton, 453 US 454; People v Torres, 74 NY2d 224, 227; People v Langen, 60 NY2d 170, cert denied 465 US 1028; People v Belton, 55 NY2d 49). The suspicion that the car contained drugs, money and weapons was based on mere speculation. (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—attempted criminal possession of controlled substance, second degree.) Present—Callahan, J. P., Denman, Green, Balio and Lawton, JJ.