■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCO VILLALVIR, Appellant.—Judgment of the Supreme Court, New York County (Edward McLaughlin, J., at suppression hearing and plea), rendered March 16, 1988, convicting defendant, upon his plea of guilty, of the crime of criminal possession of a controlled substance in the second degree (Penal Law § 220.18) and sentencing him to an indeterminate term of imprisonment of from five years to life, unanimously affirmed.

Based upon a tip from a long-time paid informant whose reliability was well documented, police arranged for surveillance of a woman known to the informant as "Cecilia" from whom she was negotiating the purchase of two kilograms of cocaine. Cecilia, later identified as codefendant Beatrice Marin, and defendant were observed leaving the informant's apartment building in a livery cab accompanied by the informant's two young daughters. The informant thereupon told police that they were going to pick up the cocaine and that

the price had been settled at $22,500. The livery cab was followed to another apartment building. There, Marin and one of the young girls entered the building and, after approximately 30 minutes, emerged with a "heavily-weighted" yellow plastic shopping bag which Marin handed to defendant. Police surrounded the cab, and an officer who had approached the passenger side of the vehicle testified that he was able to see that the shopping bag contained a package wrapped in "gift wrapping" which was secured by a covering of "clear yellow plastic tape." Based upon his experience in 150 prior seizures, the officer recognized the packaging employed to wrap cocaine and removed the bag and examined its contents. Defendant and Marin were placed under arrest.

Defendant does not contest the existence of probable cause to stop the cab, seize the package or make the arrest. The sole issue presented is the propriety of the warrantless search of the shopping bag. Defendant contends that the issue is governed by the Supreme Court's rulings in *Arkansas v Sanders* (442 US 753) and *United States v Chadwick* (433 US 1) in which the search of closed containers was held to be unconstitutional "because there was probable cause to search *only* a container" and not the entire vehicle *(People v Langen,* 60 NY2d 170, 177).

In *United States v Ross* (456 US 798, 800), the Supreme Court held that "police officers—who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within it—may conduct a probing search of compartments and containers within the vehicle whose contents are not in plain view" which "is as thorough as a magistrate could authorize in a warrant 'particularly describing the place to be searched' ". In *People v Langen (supra,* at 181), the Court of Appeals recognized limited situations in which "the warrantless search of closed containers found in an automobile may be justified". The court extended its ruling in *People v Belton* (55 NY2d 49, 55) to cover locked containers found within the vehicle, stating, "when the circumstances giving rise to probable cause to arrest a driver or passenger in the automobile also support the belief that the automobile contains contraband related to the crime for which the arrest is made, police may search, within a reasonable time after the arrest, any container, locked or otherwise, located in the automobile" *(People v Langen, supra,* at 172).

Having conceded the validity of his arrest, defendant has failed to distinguish the circumstances of his arrest from those

presented in *Langen (supra)*. Moreover, the testimony of the arresting officer was to the effect that the package of cocaine was visible from outside the livery cab, and the distinctive configuration of its packaging does not support a reasonable expectation of privacy because the contents can be inferred therefrom *(Robbins v California*, 453 US 420, 427; *Arkansas v Sanders*, 442 US 753, 764-765, n 13, *supra*). Accordingly, no warrant was required in order to conduct the search. Concur —Murphy, P. J., Carro, Rosenberger, Asch and Rubin, JJ.