■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BURKETT, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J., at *Mapp* hearing, plea and sentence), rendered July 20, 1989, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fourth degree, and sentencing him as a second felony offender, to an indeterminate term of imprisonment of from 2 to 4 years, unanimously affirmed.

A New York City police officer using binoculars, from an

observation post in an abandoned building, observed defendant sell what appeared to be marijuana, which was kept in a small, black "doctor's bag" to another individual. A short while later, defendant was seen emerging from a nearby building carrying the same "doctor's bag". After defendant entered a livery cab, a police officer approached the cab, ordered defendant to step out, and placed defendant under arrest. A subsequent search of the doctor's bag revealed that it contained a quantity of both marijuana and cocaine.

There was no constitutional impediment, either State or Federal, to the search of the "doctor's bag", which had been previously linked to the narcotics sale *(People v Villalvir,* 160 AD2d 627, *lv denied* 76 NY2d 867). "[W]hen the circumstances giving rise to probable cause to arrest a driver or passenger in the automobile also support the belief that the automobile contains contraband related to the crime for which the arrest is made, police may search, within a reasonable time after the arrest, any container, locked or otherwise, located in the automobile." *(People v Langen,* 60 NY2d 170, 172, *cert denied* 465 US 1028.) We find no basis to disturb the factual findings on the suppression counts. Concur—Carro, J. P., Milonas, Asch, Kassal and Rubin, JJ.