■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CAVEATANO VILLANUEVA, Also Known as CAYEATANO VILLAN-UEVA, Appellant.—Judgment, Supreme Court, New York County (Felice Shea, J.), rendered April 27, 1990, convicting defendant, upon his guilty plea, of criminal sale of a controlled substance in the second degree and sentencing him to an indeterminate prison term of from seven years to life, unanimously affirmed.

On June 10, 1988, a drug task force planned a buy and bust operation. Defendant was the target of the investigation. The officers were briefed on defendant's appearance and were informed that he had previously sold cocaine to the undercover officer who gave the briefing. Defendant and the undercover had planned to negotiate a larger deal on the day of the buy and bust.

While the surveillance team was in place, defendant entered the undercover's car and negotiated a sale of cocaine. Defendant re-entered his car and drove to a bar. Eventually, defendant returned to his car carrying a "weighty" black plastic bag. He drove to where the undercover was located, and, since the sergeant felt that he was making evasive maneuvers, the team pulled the vehicle over, ordered defendant and his cohorts out of the car, searched the car and found the plastic bag which was filled with cocaine. Defendant was placed under arrest and searched as well.

Defendant maintains that the suppression court erred in not suppressing the evidence recovered from the bag found in the vehicle and from defendant. However, under the circumstances, as it is clear that the officers had abundant proof to believe that defendant was engaged in a drug transaction, the warrantless search of the vehicle and the plastic bag was proper (see, e.g., People v Villalvir, 160 AD2d 627, 628, lv denied 76 NY2d 867). Similarly, the warrantless search of defendant was proper (see, People v Smith, 59 NY2d 454, 458). Concur—Murphy, P. J., Ross, Asch, Kassal and Smith, JJ.