■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES BERBERENA, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK CRUZ, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WENDELL RODRIGUEZ, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY VELEZ, Respondent. [696 NYS2d 116] —Order, Supreme Court, Bronx County (Richard Price, J.), entered on or about May 22, 1998, which granted defendants' motion to suppress physical evidence, unanimously affirmed.

Defendants' suppression motions were properly granted. The officers were justified in stopping defendants' vehicle for a traffic violation, but in the absence of any suspicious circumstances other than allegedly nervous behavior of a minimal and equivocal nature, the police did not have a founded suspicion that criminality was afoot sufficient to justify their clearly accusatory inquiry and their request for consent to search the vehicle's trunk where the weapon was recovered (see, People v Barreras, 253 AD2d 369; see also, People v Banks, 85 NY2d 558, cert denied 516 US 868). We note the request to search the trunk occurred after the officers completed their examination of the vehicle and found no contraband. Even were we to accept the People's argument that the police request to search the trunk was the result of defendants' invitation, we would find that this invitation followed the officers' unauthorized inquiry (see, People v Hollman, 79 NY2d 181, 185) as to the presence of contraband in the car. Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Friedman, JJ.