■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ROMEO, Appellant. [789 NYS2d 537]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered January 6, 2004, convicting him of criminal possession of a weapon in the third degree and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a weapon in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed, and that branch of the defendant's omnibus motion which was to suppress physical evidence consisting of a weapon is granted.

Contrary to the defendant's contentions, the stop of his vehicle by police officers was justified by their observation that he had committed a traffic infraction (*see People v Robinson,* 97 NY2d 341, 351-353 [2001]). Their subsequent decision to place the defendant in custody was also justified in view of his failure to produce a driver's license and the subsequent discovery of one-half gram of marijuana on his person. The hearing court erred, however, in concluding that those circumstances provided probable cause for the officers to search the contents of a closed duffel bag located inside the trunk of the vehicle, particularly after a search of the vehicle's passenger compartment, conducted with the defendant's consent, revealed nothing (*see People v Torres,* 74 NY2d 224 [1989]; *People v Belton,* 55 NY2d 49, 55 [1982]; *People v Berberena,* 264 AD2d 670 [1999]; *People v Bryant,* 245 AD2d 1010, 1012 [1997]; *People v King,* 242 AD2d 736, 737 [1997]; *People v Woods,* 189 AD2d 838 [1993]). Moreover, on this record, there is no evidence that the defendant's consent,

assuming arguendo that it was voluntary and properly obtained, extended to the trunk of the vehicle, much less to the contents of a closed container located therein (*see People v Bryant, supra* at 1013; *People v Guzman,* 153 AD2d 320, 324 [1990]).

Because the evidence which connected the defendant to the crime of criminal possession of a weapon in the third degree must be suppressed, the indictment on that count must be dismissed (*see People v Rossi,* 80 NY2d 952 [1992]; *People v Woods, supra* at 839).

The defendant's remaining contentions are unpreserved for appellate review, without merit, or academic in light of our determination. Ritter, J.P., Goldstein, Smith and Fisher, JJ., concur.