■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN PETERSON, Appellant. [804 NYS2d 375]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered May 31, 2002, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, and resisting arrest, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

"The factual findings and credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Parker*, 306 AD2d 543 [2003]). The record supports the hearing court's finding that a trooper lawfully stopped the defendant's vehicle after observing his erratic driving. After the trooper detected the odor of marijuana emanating from the defendant's automobile, and the defendant admitted that he had been smoking marijuana and had additional marijuana in the automobile, the police had probable cause to search the defendant's automobile, including the trunk (*see United States v Ross*, 456 US 798, 825 [1982]; *People v Morgan*, 10 AD3d 369, 370-371 [2004]). Additionally, the defendant abandoned the marijuana found outside the passenger side of his automobile as well as the cocaine found behind the seat in the patrol car in which he had been placed temporarily (*see People v Ramirez-Portoreal*, 88 NY2d 99, 110-111 [1996]; *People v Mora*, 259 AD2d 562, 563 [1999]).

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. In light of the fact that the defendant's initial admission to the trooper that he had been smoking marijuana and had more marijuana in the car was made before he was in custody, *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]) were not required at that time.

"[A] temporary roadside detention pursuant to a routine traffic stop is not custodial within the meaning of *Miranda*" (*People v Myers*, 1 AD3d 382, 383 [2003]; *see Pennsylvania v Bruder*, 488 US 9, 11 [1988]; *People v Hasenflue*, 252 AD2d 829, 830 [1998]). The defendant's remaining statements were made after he was advised of his rights, and the record supports the hearing court's determination that he understood and waived his rights.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit, or were forfeited by his plea of guilty. Crane, J.P., Santucci, Mastro and Dillon, JJ., concur.