THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE SEMANEK, Appellant. [816 NYS2d 569]—

Appeals by the defendant from two judgments of the County Court, Orange County (Rosenwasser, J.), both rendered June 23, 2000, convicting him of criminal possession of a controlled substance in the first degree under indictment No. 98-00578, and bail jumping in the first degree under indictment No. 99-00741, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing (Pano Z. Patsalos, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments are affirmed.

On May 2, 1998 at about 5:50 A.M., New York State Trooper Gregory observed the defendant's car stopped alongside the New York State Thruway in the Town of Woodbury. Trooper Gregory approached the vehicle and knocked on the driver's window. In response, the defendant, the car's lone occupant, rolled down the window, at which point the trooper smelled the odor of burning marijuana and asked the defendant to step out of the car.

The trooper then examined the vehicle's ashtrays, finding what appeared to be partially smoked marijuana cigarettes. He then opened the vehicle's trunk with the keys that the defendant left in the ignition. He discovered a duffle bag in the trunk. Upon opening the duffel bag the trooper found, among other things, a cardboard container with what appeared to be two cellophane baggies packed with psilocybin mushrooms. He then formally arrested the defendant.

Contrary to the defendant's contentions, the search was valid and that branch of his omnibus motion which was to suppress physical evidence was properly denied. The trooper had a valid reason to approach the stopped car, since stopping, standing, or parking at the location in question is prohibited except in an emergency (*see* Vehicle and Traffic Law § 1202 [a] [1] [j]).

Trooper Gregory's subsequent finding of partially smoked marijuana cigarettes in the car provided him with the right to search the vehicle and probable cause to arrest the defendant (*see People v Scott*, 18 AD3d 285 [2005]; *People v Morgan*, 10 AD3d 369, 370 [2004]; *People v Dobere*, 298 AD2d 770 [2002]; *cf. People v Romeo*, 15 AD3d 420 [2005]).

The defendant's remaining contentions are without merit. Florio, J.P., Santucci, Rivera and Fisher, JJ., concur.