■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. HUGHES, Appellant. [890 NYS2d 121]—

The initial stop of the vehicle driven by the defendant was justified by a state trooper's observations of three violations of the Vehicle and Traffic Law (see Vehicle and Traffic Law §§ 1180 [d]; § 1128 [a], [d]; § 375 [2] [a] [3]; People v Robinson, 97 NY2d 341, 348-349 [2001]; People v Parris, 26 AD3d 393, 394 [2006]; People v Peterson, 22 AD3d 770, 771 [2005]). Upon approaching the vehicle, the trooper detected the strong odor of burnt marijuana emanating from the vehicle, and observed some green vegetation on the passenger's shirt, which he believed to be marijuana. In addition, the defendant admitted to the trooper that he smoked marijuana earlier in the evening. Under these circumstances, the police had probable cause to search the vehicle, including the trunk (see United States v Ross, 456 US 798, 825 [1982]; People v Langen, 60 NY2d 170, 180-182 [1983], cert denied 465 US 1028 [1984]; People v Parris, 26 AD3d at 394; People v Peterson, 22 AD3d at 771; People v Morgan, 10 AD3d 369, 370 [2004]). Accordingly, the hearing court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Contrary to the defendant's contention, the County Court's supplemental instruction on circumstantial evidence was meaningful and did not result in any prejudice to the defendant (see CPL 310.30; People v Santi, 3 NY3d 234, 248 [2004]; People v Almodovar, 62 NY2d 126, 131 [1984]; People v Hayes, 48 AD3d 831 [2008]; People v Vega, 291 AD2d 465 [2002]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Dillon, J.P., Florio, Miller and Angiolillo, JJ., concur.