THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR VALETTE, Appellant. [931 NYS2d 6]—

The court properly denied defendant's suppression motion. During a lawful car stop, the police detected the odor of marijuana emanating from the vehicle; moreover, defendant admitted that he and the codefendant had been smoking marijuana. Accordingly, the police clearly had probable cause to search the vehicle under the automobile exception, and this included a search of the trunk (*see United States v Ross*, 456 US 798, 825 [1982]; *People v Langen*, 60 NY2d 170, 180-182 [1983], *cert denied* 465 US 1028 [1984]; *People v Hughes*, 68 AD3d 894 [2009], *lv denied* 14 NY3d 841 [2010]). Furthermore, the evidence sufficiently established the officers' familiarity with the smell of marijuana.

The court properly precluded defendant from introducing evidence that the codefendant told an officer that "everything in the trunk was his." This statement was not admissible as a declaration against penal interest (*see People v Settles*, 46 NY2d 154, 167-170 [1978]). Defendant failed to demonstrate that the codefendant, who had already pleaded guilty and been sentenced, still intended to invoke his Fifth Amendment privilege or was otherwise unavailable. Instead, defense counsel simply

said she did not wish to call the codefendant. Furthermore, to the extent the statement asserted the codefendant's exclusive possession of the contraband, it did not bear sufficient indicia of reliability, particularly given the codefendant's sworn statement at his plea proceeding that he and defendant jointly possessed the drugs and weapon. Although defendant also sought to introduce the statement for a purpose other than for its truth, he did not establish that it was relevant to impeach the credibility of the officer in question. Since this evidence was neither reliable nor critical to establish defendant's defense, there is no merit to defendant's argument that he was constitutionally entitled to introduce it (*see Chambers v Mississippi*, 410 US 284 [1973]; *People v Robinson*, 89 NY2d 648, 654 [1997]; *People v Burns*, 18 AD3d 397 [2005], *affd* 6 NY3d 793 [2006]).

Although defendant also sought to introduce a different statement, made by the codefendant to another officer, he did not present any of his current arguments for admissibility. Accordingly, those arguments are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits for all of the same reasons that apply to the previously-discussed statement. Concur—Andrias, J.P., Friedman, Renwick, Richter and Manzanet-Daniels, JJ.