People v Garcia (2019 NY Slip Op 06509)





People v Garcia


2019 NY Slip Op 06509


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2017-08255
2017-10291
 (Ind. No. 19/16)

[*1]The People of the State of New York, appellant,
v
Julio A. Garcia, respondent.


Robert V. Tendy, District Attorney, Carmel, NY (David M. Bishop of counsel), for appellant.
David J. Squirrell, Carmel, NY, for respondent.



DECISION & ORDER
Appeals by the People from (1) an order of the County Court, Putnam County (James F. Reitz, J.), dated July 12, 2017, and (2) an order of the same court dated July 21, 2017. The order dated July 12, 2017, insofar as appealed from, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress certain statements made by the defendant to law enforcement officials and certain physical evidence recovered from the vehicle that the defendant was driving. The order dated July 21, 2017, insofar as appealed from, upon reargument, adhered to the prior determination.
ORDERED that the appeal from the order dated July 12, 2017, is dismissed, as that order was superseded by the order dated July 21, 2017, made upon reargument; and it is further,
ORDERED that the order dated July 21, 2017, is affirmed insofar as appealed from.
On the night of October 13, 2016, after observing the defendant pull his vehicle into a parking spot without signaling, an investigator with the Putnam County Sheriff's Department approached the driver's side of the defendant's vehicle and asked the defendant for his license and registration. The defendant complied, presenting a conditional driver license, which allowed him to drive only to and from work. When asked about his destination, the defendant replied that he was going to a nearby bar to meet a girl.
The defendant was directed to step out of the vehicle, at which time the investigator observed, in plain view, the corner of a small clear plastic bag containing a white powder, and a plastic straw "that had been cut to a shorter length," protruding from the front right pocket of the defendant's jeans. Believing the white powder to be cocaine and the plastic straw to be drug paraphernalia, the investigator placed the defendant under arrest and proceeded to search the vehicle for additional contraband. A search of the passenger compartment of the vehicle produced nothing. However, when the investigator opened the trunk of the vehicle, the defendant stated, in sum and substance, "I don't think you can check back there." The investigator subsequently found a loaded semiautomatic pistol inside a child's booster seat, at which point the defendant stated, "[Y]ou guys put it there." In the same booster seat, the investigator also found additional plastic bags containing [*2]more suspected cocaine and other illegal drugs.
Prior to trial, in an omnibus motion, the defendant moved, inter alia, to suppress the physical evidence and all of his statements to law enforcement officials. Insofar as relevant to this appeal, the County Court, after a hearing, granted certain branches of the defendant's motion, suppressing, inter alia, all of the evidence recovered from the trunk of the vehicle, as well as the defendant's statements relating to the search of the trunk and the weapon found therein. The People moved for leave to reargue their opposition to those branches of the omnibus motion. The court granted leave to reargue and, upon reargument, determined, inter alia, that the drugs and drug paraphernalia recovered from the defendant's person were admissible. However, the court adhered to its prior determination regarding the physical evidence found in the trunk, as well as the oral statements relating thereto. The People appeal.
When the occupant of a vehicle is arrested, the circumstances that supply probable cause for the arrest may also give the police probable cause to believe that the vehicle contains contraband, evidence of a crime, a weapon, or some means of escape (see People v Blasich, 73 NY2d 673, 678). Ultimately, "the nature of the crime and the circumstances surrounding the arrest are what provide (or fail to provide) probable cause for the search" (id. at 680).
Here, the County Court concluded that the recovery of a small quantity of what appeared to be cocaine, along with a cut straw, in plain view on the defendant's person, was insufficient to give the police probable cause to believe that additional contraband would be found in the vehicle's trunk, particularly after a search of the passenger compartment revealed nothing. This Court has, in a factually similar case, reached the same conclusion (see People v Romeo, 15 AD3d 420). Under the facts of this case, we decline to disturb the court's finding as to lack of probable cause.
Contrary to the People's contention, cases in which there is circumstantial evidence of recent drug use within the passenger compartment, such as when the police, during a routine traffic stop, detect the odor of burning marijuana (see People v Singletary, 156 AD3d 731; People v Francois, 138 AD3d 1165; People v Valette, 88 AD3d 461; People v Horge, 80 AD3d 1074; People v Hughes, 68 AD3d 894; People v Semanek, 30 AD3d 547; People v Morgan, 10 AD3d 369) are distinguishable, since such evidence provides good reason to believe that the unseen drugs may be located somewhere within the vehicle. By contrast, the fact that a small quantity of drugs is found on the defendant's person, with no other drugs being found in the passenger compartment of the vehicle, does not, without more, provide probable cause to believe that additional drugs may be found in the trunk of the vehicle (see People v Romeo, 15 AD3d 420).
That the defendant had been suspected of selling drugs and carrying a weapon, which was based on information previously conveyed to the police by a confidential informant, has not been considered in deciding the issue of probable cause, since the People, at the hearing, expressly disclaimed any reliance on such information and acknowledged that "[i]t would have been inappropriate" for the police to act on that information.
The People's contention that the County Court should not have orally dismissed certain counts of the indictment without notice to the People is without merit, as the court did not, in fact, orally dismiss any counts of the indictment.
Accordingly, we affirm insofar as appealed from the order dated July 21, 2017, made upon reargument.
The defendant's remaining contention is not properly before us (see CPL 710.70[2]; People v Richberg, 56 AD2d 279, 281).
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court