People v Ponder (2021 NY Slip Op 02880)





People v Ponder


2021 NY Slip Op 02880


Decided on May 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 06, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Barbara R. Kapnick,J.P.,
Angela M. Mazzarelli
Peter H. Moulton
Martin Shulman
JJ.


Ind No. 330/17 Appeal No. 13023 Case No. 2019-3056 

[*1]The People of the State of New York, Respondent,
v
Danny Ponder, Defendant-Appellant.



 Defendant appeals from a judgment of the Supreme Court, New York County (Thomas Farber, J. at suppression hearing; Gregory Carro, J. at plea; Ann E. Scherzer, J. at sentencing), rendered October 22, 2018, convicting defendant, upon his guilty plea, of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of five years.




Robert S. Dean, Center for Appellate Litigation, New York (Brittany Francis of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patrick J. Hynes and Andrew E. Seewald of counsel), for respondent.



KAPNICK, J.P


Defendant asks this Court to reject a per se rule that the search of the entire vehicle, including the trunk, is permissible in every circumstance where police have probable cause to believe that the occupant of the car has committed a crime. Defendant argues that the automobile exception to the Fourth Amendment's rule prohibiting warrantless searches requires a fact-specific probable cause analysis and a factual nexus between the criminal activity suspected and the area searched. We agree, and find that in this case, the odor of marijuana, together with a de minimis amount of marijuana found in the center console of the vehicle, did not furnish the requisite probable cause to search the trunk of defendant's vehicle and that there was no factual nexus between the possession of an amount of marijuana consistent with personal consumption and a search for contraband in the trunk of the vehicle. Moreover, to the extent People v Valette (88 AD3d 461 [1st Dept 2011], lv denied 18 NY3d 887 [2012]) and People v Mena (87 AD3d 946 [1st Dept 2011], lv denied 18 NY3d 860 [2011]) stand for a per se rule that the smell of marijuana alone provides probable cause to search the trunk of the vehicle, we decline to follow them.[FN1]
Detective Michael Tedeschi testified at defendant's suppression hearing that on the night of January 7, 2017, he and his partner, Sergeant Perez, as part of the anti-crime patrol unit of the 32nd Precinct, were in an unmarked car patrolling the area around Eighth Avenue and 148th Street in Manhattan. Shortly after midnight, Tedeschi observed a car driving southbound on Eighth Avenue between 149th and 148th Streets with its taillights off, which constituted a traffic infraction. He followed the car southbound for approximately two blocks before using his turret lights to signal the driver to pull over. Tedeschi testified that the vehicle's "taillights came on, then the brake lights, and the car pulled over." Tedeschi approached the driver's side of the car while Perez approached the passenger side. The detective then asked defendant, who was driving the vehicle, to lower the windows, and defendant complied. Tedeschi detected a strong odor of burnt marijuana emanating from the vehicle and observed that the inside of the vehicle looked smoky. Tedeschi further testified that "[it] smelled like they just got done smoking in the car."
Upon request, defendant produced his license and registration. Tedeschi asked defendant to step out of the car, patted him down, and asked him to stand at the rear of the vehicle. Perez then asked the passenger to step out of the car; he too was patted down and then moved to the rear of the vehicle. Tedeschi proceeded to search the vehicle, starting with the driver's-side door, under the seat, and "anywhere drugs could be secreted." He also searched the passenger side of the vehicle. Upon his search of the center console, Tedeschi recovered a small plastic bag containing an amount of loose unburnt marijuana consistent [*2]with personal use. He did not find any evidence of burnt marijuana or used cigarettes, nor did he find any ashes. Defendant and the passenger were both placed back into the vehicle, and Tedeschi searched the trunk of the car, including a closed but unlocked compartment in the trunk, where he found a loaded firearm. Defendant and the passenger were subsequently arrested. In his arrest report, Tedeschi did not indicate that defendant was under the influence; rather, he noted that defendant's physical condition was normal.
Defendant was charged with three counts of criminal possession of a weapon in the second degree and unlawful possession of marijuana. He pleaded guilty to criminal possession of a weapon in the second degree and was sentenced, as a second felony offender, to a prison term of five years.
The motion court denied defendant's suppression motion, finding that it was constrained by this Court's decisions in Valette and Mena to hold that the search of the trunk was permissible. However, the court noted in a footnote in its written decision,
"Were this a matter of first impression, I question whether the odor of marijuana and the recovery of a small bag of marijuana from the center console of the car really provides probable cause to search closed containers in the trunk. Is it really likely that because someone is smoking marijuana in a car they have a stash in a closed container in the trunk? This is not, however, a case of first impression."
The Fourth Amendment of the United States Constitution protects "against unreasonable searches and seizures," providing that "no Warrants shall issue, but upon probable cause." Indeed, warrantless searches "are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions" (Katz v United States, 389 US 347, 357 [1967] [footnote omitted]). One such exception is the automobile exception, which was first established in 1925 in Carroll v United States (267 US 132 [1925]), in which the U.S. Supreme Court held that "contraband goods concealed and illegally transported in an automobile or other vehicle may be searched for without a warrant" (id. at 153). Pursuant to the automobile exception, "police may conduct a warrantless search of a vehicle where they have probable cause to believe that the vehicle contains evidence or contraband, and there is a nexus between the arrest and the probable cause for the search" (People v Baez, 24 AD3d 112, 115 [1st Dept 2005], lv denied 6 NY3d 809 [2006]). The permissible scope of a warrantless search pursuant to the automobile exception is defined as a "search of the vehicle that is as thorough as a magistrate could authorize in a warrant 'particularly describing the place to be searched'" (United States v Ross, 456 US 798, 800 [1982]).
The rationale behind the automobile exception stems from the fact that contraband concealed in a vehicle can be readily moved and "put out of reach of a search warrant[*3]" (Ross, 456 US at 806, quoting Carroll, 267 US at 151). Further, the reduced expectation of privacy associated with automobiles owing to their pervasive regulation also justifies the exemption of vehicles from the warrant requirement, in appropriate circumstances (People v Blasich, 73 NY2d 673, 678 [1989]; People v Belton, 55 NY2d 49, 53 [1982]; People v Baez, 24 AD3d at 116). However, "[t]he automobile exception. . . is an exception only to the warrant requirement; it does not, in contrast to the search-incident-to-arrest exception, dispense with the requirement that there be probable cause to search the vehicle" (People v Blasich, 73 NY2d at 678, citing People v Langen, 60 NY2d 170, 181 [1983], cert denied 465 US 1028 [1984]).
In the case before us, defendant argues that the presence of marijuana smoke plus the small amount of unburnt marijuana found in the center console did not provide the officers with probable cause to search the trunk of the vehicle or a closed compartment therein. Defendant relies on the U.S. Supreme Court's statement in Ross that
"[t]he scope of a warrantless search of an automobile . . . is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found. Just as probable cause to believe that a stolen lawnmower may be found in a garage will not support a warrant to search an upstairs bedroom, probable cause to believe that undocumented aliens are being transported in a van will not justify a warrantless search of a suitcase. Probable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab" (456 US at 824).
Defendant also relies upon the decision of the Court of Appeals in People v Langen, in which the Court stated that in order to be a permissible search, there must be "both probable cause to search the automobile generally and a nexus between the probable cause to search and the crime for which the arrest is being made" (60 NY2d at 181). In the case at bar, defendant argues that the requisite "nexus" is missing, because the small amount of marijuana was indicative of recent personal consumption and not indicative of drug distribution or trafficking, and thus the search of his trunk was not permissible.
The People argue that pursuant to this Court's decisions in Valette and Mena, the odor of marijuana was sufficient to provide probable cause to search the entire vehicle, including the trunk and any closed compartments therein. The People also rely on Ross, pointing to the Court's statement that
"[a] warrant to search a vehicle would support a search of every part of the vehicle that might contain the object of the search. When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, [*4]in the case of a home, or between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand" (456 US at 821).
The People also point out that, "[t]hough Langen characterized the nexus as a connection between the probable cause to search and the crime for which the arrest is being made, . . . the requirement of a connection is flexible" (People v Galak, 81 NY2d 463, 467 [1993] [internal quotation marks and citations omitted]). Here, the People argue, the nexus was sufficient to permit a search of the entire vehicle where marijuana might be found, including the trunk. Indeed, the People contend that pursuant to People v Cruz (7 AD3d 335 [1st Dept 2004], lv denied 3 NY3d 672 [2004]), when the police find evidence of the crime that provides them with probable cause for the initial search, they are not required to stop the search, but are permitted to search for additional evidence. Therefore, according to the People, upon finding the small amount of marijuana, the officer was permitted to continue searching the entire vehicle, including the trunk.
The application of United States v Ross and People v Langen to individual cases addressing the question of whether the odor of marijuana is sufficient to provide probable cause to search the trunk of a vehicle pursuant to the automobile exception to the Fourth Amendment has led to varying results in the Second and Third Departments, as well as within our Department. For example, in both People v Mena and People v Valette, this Court found that the officers had probable cause to search the vehicle, including the trunk, upon detecting the odor of marijuana during a lawful traffic stop and based on the defendants' admissions that they had smoked marijuana in the car earlier in the day (citing Ross, 456 US at 825; People v Langen, 60 NY2d at 180-182, and People v Hughes, 68 AD3d 894[2d Dept 2009], lv denied 14 NY3d 841 [2010] [after a lawful traffic stop, officers smelled burnt marijuana and saw green vegetation on the passenger's shirt and the defendant admitted to smoking marijuana earlier in the evening, providing probable cause to search the vehicle, including the trunk]; see also People v Peterson, 22 AD3d 770 [2d Dept 2005], lv denied 6 NY3d 816 [2006] [after a valid traffic stop, where officers smelled marijuana, defendant admitted to smoking marijuana and having additional marijuana in the car, there was probable cause to search the car, including the trunk]; People v Horge, 80 AD3d 1074 [3d Dept 2011] [during traffic stop, officer smelled burnt marijuana, and as he was walking back to the stopped vehicle, after having temporarily returned to his patrol car, found that the defendant had placed new air fresheners in the car and appeared to be attempting to destroy a cellphone, giving officer probable cause to search every part of the vehicle and its contents, including the [*5]trunk]).
However, in People v Ramos (122 AD3d 462 [1st Dept 2014]), this Court reached a different result. In Ramos, the officer stopped the defendant's vehicle upon observing the driver smoking what appeared to be a marijuana cigarette. The officer testified that he smelled marijuana, but during a search of the vehicle did not locate a marijuana cigarette. However, the officer did see an empty glassine envelope on the floor of the vehicle. This Court found that "there was scant evidence of drugs in the car" (id. at 466) in that the officer never found the marijuana cigarette he claimed he saw the defendant smoking, defendant did not appear to be under the influence, the glassine envelope was empty, and the officer was equivocal about whether he smelled burnt or unburnt marijuana. Thus, the Ramos Court found, there was no probable cause to search the trunk (see also People v Romeo, 15 AD3d 420, 420 [2d Dept 2005], lv denied 4 NY3d 890 [2005] [after a valid traffic stop, the defendant failed to produce a driver's license, and upon patting him down, officers discovered a small amount of marijuana on his person; this did not justify a search of the closed duffle bag located inside the trunk, "particularly after a search of the vehicle's passenger compartment, conducted with the defendant's consent, revealed nothing"]).
Moreover, there are cases where, although the court found that the smell of marijuana provided probable cause to search the vehicle, it did not indicate if the search included the trunk (see e.g. People v Badger, 52 AD3d 231 [1st Dept 2008], lv denied 10 NY3d 955 [2008] [officers received a tip regarding a drug transaction, which was then observed by the police who stopped the car and upon approach smelled marijuana, giving them probable cause to search the automobile and its occupants]; People v Robinson, 103 AD3d 421 [1st Dept 2013], lv denied 20 NY3d 1103 [2013] [during a traffic stop officers detected an odor of marijuana, at which point they had probable cause to arrest the defendant and search the car]; see also People v Chestnut, 43 AD2d 260 [3d Dept 1974], affd 36 NY2d 971 [1975] [during a traffic stop, officer detected the smell of marijuana, and thus had probable cause to search the vehicle and its occupants]).
As noted by the U.S. Supreme Court in Ross, "[T]here is . . . no dispute among judges about the importance of striving for clarification in this area of the law" (456 US at 803). Defendant argues that Ross cannot and should not be divorced from its facts. In Ross, police officers received a tip that narcotics were being sold from the trunk of the defendant's car. The tip also included a description of the car, the defendant's alias, and the location of the car. When the police stopped the defendant, they instructed him to get out of the car. While two officers searched the defendant, a sergeant discovered a bullet on the car's front seat. He then searched the interior of the car and found a pistol in the glove [*6]compartment. The defendant was arrested, and the police officers searched the trunk of the vehicle and found a closed paper bag. The officers searched the brown paper bag at the scene and found glassine bags with white powder, which was later confirmed to be heroin. A red, zippered leather pouch, which was found to contain cash, was also discovered and searched once the car was moved to the police station.
The question presented to the Ross Court was not whether the search of the trunk was permissible, but rather whether the officers had probable cause to search the closed containers found in the trunk. The Ross Court found that if there was probable cause to search the trunk, then there was probable cause to search the closed containers therein. Nothing in the Ross decision altered the probable cause requirement, nor does Ross stand for the proposition that all vehicle searches must necessarily include the trunk. Indeed, the Ross Court noted that "[n]o single rule of law can resolve every conflict" (id. at 804) and that "the probable-cause determination must be based on objective facts that could justify the issuance of a warrant by a magistrate and not merely on the subjective good faith of the police officers" (id. at 808). Moreover, it is noteworthy that Ross involved a credible tip specifically referring to the trunk of the vehicle and the allegation that contraband was being concealed therein. We therefore find that to the extent the People rely on Ross for the proposition that the smell of marijuana alone justifies a search of the trunk, this reliance is misplaced. Additionally, we decline to follow our decisions in People v Mena, and People v Valette, to the extent that, in reliance on Ross and Langen, they stand for the proposition that the smell of marijuana, alone, provides probable cause to search the trunk of a vehicle pursuant to the automobile exception to the Fourth Amendment. Such a per se rule has no foundation in either Ross or Langen.
We are left with the question of whether the presence of a small amount of marijuana consistent with personal use provided the requisite probable cause and nexus to justify a search of the trunk. We find that in this case it did not. The only reasonable conclusion supported by the evidence here was that the de minimis amount of unburnt marijuana was for personal use, not for distribution or trafficking. The officer did not find any drug paraphernalia in the car. Indeed, in this case, there was "scant evidence of drugs in the car" (Ramos, 122 AD3d at 466), and there was no probable cause to believe there was contraband in the trunk of the car. Therefore, because a proper search pursuant to the automobile exception "is no narrower-and no broader-than [sic] the scope of a search authorized by a warrant supported by probable cause, [and] otherwise is as the magistrate could authorize" (Ross, 456 US at 823), we find that here the search of the trunk was not supported by probable cause. Consequently[*7], the gun found therein, and the statements made by defendant thereafter, should have been suppressed.
In view of the foregoing, we need not address the parties' remaining arguments.
Accordingly, the judgment of the Supreme Court, New York County (Thomas Farber, J. at suppression hearing; Gregory Carro, J. at plea; Ann E. Scherzer, J. at sentencing), rendered October 22, 2018, convicting defendant, upon his guilty plea, of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of five years, should be reversed, on the law, defendant's motion to suppress a firearm and statements granted, and all weapons possession counts of the indictment dismissed. The charge of unlawful possession of marijuana should be dismissed in the interest of justice.
Judgment, Supreme Court, New York County (Thomas Farber, J. at suppression hearing; Gregory Carro, J. at plea; Ann E. Scherzer, J. at sentencing), rendered October 22, 2018, reversed, on the law, defendant's motion to suppress a firearm and statements granted, and all weapons possession counts of the indictment dismissed. The charge of unlawful possession of marijuana should be dismissed in the interest of justice.
Opinion by Kapnick, J.P. All concur.
Kapnick, J.P., Mazzarelli, Moulton, Shulman, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2021



Footnotes

Footnote 1: The Court notes that on March 31, 2021, the Marijuana Regulation and Taxation Act was signed into law, amending certain sections of the Penal Law by adding a new article 222. Specifically, Penal Law § 222.05(4) was added, which states that during an investigation into whether an operator of a vehicle is impaired by drugs, "the odor of burnt cannabis shall not provide probable cause to search any area of a vehicle that is not readily accessible to the driver and reasonably likely to contain evidence relevant to the driver's condition."