■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NASIR BOYD, Appellant. [624 NYS2d 31] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered April 15, 1993, convicting defendant, upon his guilty plea, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The experienced police officer patrolling the Port Authority Bus Terminal observed defendant, who was carrying a large blue bag and a small red gym bag, and a companion, leave the bag to be secured under the bus without receiving a baggage check. As defendant's failure to receive a baggage check was suspect, the officers had authority to approach defendant to seek further information *(see, People v Hollman*, 79 NY2d 181). The officer told the defendant he did not have to speak to

him if he didn't want to. Defendant's subsequent denial that he had deposited a bag under the bus, in light of what the officers had seen, raised the permissible level of intrusion to a common-law right of inquiry since the officers reasonably believed that criminality was afoot *(People v Hanson,* 195 AD2d 408). Finally, defendant's abandonment of the bag by virtue of disclaimer of ownership was not the result of improper police action and therefore the warrantless search of the bag was not illegal *(supra,* at 410-411; *People v Osborne,* 194 AD2d 427, *lv denied* 82 NY2d 724). Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.