■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EVARISTO MORALES, Respondent. [663 NYS2d 200] —Order, Supreme Court, Bronx County (Alexander Hunter, J.), entered May 22, 1996, which granted defendant's motion to suppress physical evidence and statements, unanimously reversed, on the law and the facts, the motion denied, and the matter remanded to Supreme Court, for further proceedings.

On April 28, 1995, at approximately 9:00 P.M., Officer Jose Arroyo and his partner were on duty in plainclothes in an unmarked police van as part of the Taxi and Livery Task Force. Arroyo followed a yellow medallion cab for three blocks until it pulled over to the side of the road and discharged two passengers, one of whom was defendant. Defendant and the other man walked quickly away from the cab after exiting the vehicle. As the officers walked toward the cab to see if the driver was alright, defendant and his companion stopped walking and looked in the officers' direction; whereupon defendant dropped the backpack he had been carrying to the ground. Arroyo

turned his attention to defendant, who stood 12 to 15 feet away, and, pointing to the backpack, asked, "Is that your bag?" At the time, Arroyo was wearing his shield around his neck. Defendant responded, "No". Arroyo thereupon picked up the bag and, noticing that it was "dead-center heavy", placed his hand under the bag, squeezed it and felt an L-shaped hard, metal object inside the bag. Arroyo then placed his hand inside the bag and felt a pistol, and again asked defendant, this time in Spanish, "This isn't your bag?" Defendant replied "Yes, it's my bag". Defendant was then placed under arrest.

As defendant was being handcuffed, Arroyo explained to defendant that he was being arrested for carrying the gun, at which point defendant declared that the weapon belonged to a friend. A frisk of defendant revealed a clip containing five bullets, which corresponded to the weapon found in the backpack. At the precinct, following *Miranda* warnings in Spanish, which defendant stated he understood, defendant told police that a friend had left him the weapon.

Although crediting the testimony of Officer Arroyo, the hearing court nonetheless granted the motion to suppress the physical evidence and defendant's statements on the basis that illegal police conduct precipitated the abandonment. For the reasons discussed below, the court erred.

"Property is deemed abandoned when the expectation of privacy in the object or place searched has been given up by voluntarily and knowingly discarding the property" (*People v Ramirez-Portoreal*, 88 NY2d 99, 110). In this case, defendant abandoned the bag when he disclaimed ownership and the abandonment was not precipitated by illegal conduct by the police (*see, People v Boyd,* 213 AD2d 291, *lv denied* 85 NY2d 970). The police, without weapons displayed, were lawfully walking toward the taxi to determine whether the driver was alright when defendant on observing the police officers spontaneously dropped the bag. It was reasonable under the circumstances for the officer to inquire of defendant if the bag belonged to him and to examine the bag when defendant disclaimed ownership (*see, People v Hollman,* 79 NY2d 181). The officer had a duty to ascertain the bag's rightful owner, if it did not belong to defendant, in order to return it as well as a duty to ascertain whether the bag's contents posed a peril to the public. Having abandoned the bag, defendant lost his right to object to its examination. The discovery of the gun provided a basis for the officer to inquire *again* of defendant if the bag belonged to him as well as probable cause to arrest the defendant (*People v Martinez,* 80 NY2d 444, 447-449). Since the police conduct was

lawful, there is no basis to suppress either the physical evidence or defendant's statements. Concur—Sullivan, J. P., Ellerin, Williams, Tom and Colabella, JJ.