■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO GABRIEL, Appellant. [695 NYS2d 557] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered January 23, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 15 years to life and 4½ to 9 years, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. We see no reason to disturb the hearing court's credibility determinations, which are supported by the record. In light of the officer's expertise in drug trafficking by bus passengers, his observations of defendant, who, with a companion, boarded, at the last minute, a bus bound for a location known to be a delivery point for drugs from New York, placed his two bags in different compartments, then sat apart from the companion,

justified the officer's approach to request information (*see, People v Hollman*, 79 NY2d 181, 193; *People v Flowers*, 239 AD2d 272, *lv denied* 90 NY2d 939). When defendant then became extremely nervous and denied ownership of one of the bags after non-accusatory, non-intimidating questioning by the officer, the officer had a founded suspicion that criminal activity was afoot, permitting further inquiry (*supra*). Rather than constituting a reaction to overbearing official pressure, defendant's disclaimer of ownership was a deliberate and calculated decision to abandon the bag (*see, People v Boyd*, 213 AD2d 291, *lv denied* 85 NY2d 970; *People v Hanson*, 195 AD2d 408). After the officer properly opened the bag and found a substance that appeared to be narcotics inside, he had probable cause to arrest defendant and to subsequently search the second bag, of which defendant also disclaimed ownership. Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.