■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE WELLINGTON, Appellant. [698 NYS2d 2] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered November 26, 1996, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of 6 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Given the arresting officer's expertise (*see, People v Valentine*, 17 NY2d 128, 132) concerning drug trafficking by bus passengers, his observations of defendant's conduct and demeanor provided an objective credible reason for approaching defendant to request information (*see, People v Hollman*, 79 NY2d 181, 193; *People v Flowers*, 239 AD2d 272, *lv denied* 90 NY2d 939). Al-

though the officer had already observed defendant carry a bag onto the bus, the officer's initial inquiry as to whether defendant was carrying any luggage was neither accusatory nor intimidating, and made no specific reference to the bag the officer had seen. Thus, the officer's questions did not take the encounter beyond a request for information (*People v Hollman*, 79 NY2d 181, 193, *supra*). Once defendant denied having any luggage, which was contrary to the officer's observations, the officer had a founded suspicion that criminal activity was afoot, permitting further inquiry as to whether defendant owned the bag on the seat next to him (*supra*). Defendant's denial of ownership constituted an abandonment and the officer was entitled to search the bag. Concur—Sullivan, J. P., Nardelli, Williams, Mazzarelli and Andrias, JJ.