■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN ANDERSON, Appellant. [702 NYS2d 4] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered May 14, 1997, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. The officers had information, derived from a confidential source, that a person meeting defendant's description would be traveling with drugs on a particular bus headed for Albany. This information furnished the officers with, at the very least, a reason to approach defendant and request information (see, People v Hollman, 79 NY2d 181). Defendant's subsequent disclaimer of ownership of a backpack was not the product of any unlawful police conduct, and was a calculated decision to abandon the bag (see, People v Gabriel, 264 AD2d 641). Contrary to defendant's argument, we find that the disclaimer of ownership was not the product of defendant's purported "removal" from the bus by the police. Defendant voluntarily accompanied the police off the bus for the purpose of answering questions.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Furthermore, the court properly refused to submit second-degree possession as a lesser included offense. Nothing in the record undermines the chemist's expert, non-speculative opinion that the quantity of drugs met the threshold for first-degree possession, even accounting for the presence of moisture in the drugs.

Since defendant received the minimum sentence authorized by law, discretionary review of his sentence is foreclosed by CPL 470.20 (6). Were we to deem defendant's challenge to his sentence to be a constitutional challenge, we would reject it (*see*, *People v Thompson*, 83 NY2d 477). Concur—Sullivan, J. P., Mazzarelli, Wallach, Rubin and Andrias, JJ.