■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO PEREZ, Appellant. [719 NYS2d 38] —Judgment, Supreme Court, New York County (Martin Rettinger, J., at hearing; Jeffrey Atlas, J., at plea and sentence), rendered August 31, 1998,

convicting defendant of criminal possession of a controlled substance in the second degree, and sentencing him to a term of 4 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. The veteran detective, who had extensive training in narcotics interdiction (*see, People v Valentine*, 17 NY2d 128, 132), had an objective credible reason to approach and request information from defendant at the Port Authority Bus Terminal after defendant arrived at the last minute for a bus that was destined for a city known to be a destination for drug deliveries, carrying a plastic bag through which the outline of a shoebox was visible (*see, People v Hollman*, 79 NY2d 181, 193; *People v Wellington*, 265 AD2d 213, *lv denied* 94 NY2d 886; *People v Gabriel*, 264 AD2d 641, *lv denied* 94 NY2d 823; *cf., People v Fields*, 257 AD2d 387). The detective testified that drug couriers often board buses at the last minute in order to minimize contact with the police and often use shoeboxes to carry drugs. We note that the record fails to support defendant's claim that defendant's late arrival for a bus was the only basis for this Level I inquiry cited by the detective in his testimony or by the court in its findings. The detective's inquiry of defendant, after first informing him that he did not have to speak to him and leaving the aisle free for him to leave, was neither accusatory nor intimidating. Once defendant denied having any luggage, which was contrary to the detective's observations, the detective had a founded suspicion that criminal activity was afoot, permitting further inquiry. Since defendant's denial of ownership constituted an abandonment, the detective properly searched the bag and recovered drugs. Concur—Rosenberger, J. P., Andrias, Wallach, Lerner and Buckley, JJ.