■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ALVAREZ, Appellant. [782 NYS2d 252]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), rendered January 28, 2000, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second

felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The arresting officer testified that while participating in a buy and bust operation in a drug prone area, he received a radio transmission from an undercover officer stating that defendant had approached a person near a street corner, engaged in a brief conversation with that person, and, when the person departed, made a phone call from a nearby telephone booth. The undercover officer's continuing transmissions also informed the arresting officer that defendant then got in his car and proceeded to the front of an apartment building where defendant waited for a short period of time until another individual came out of the building, walked up to the driver's side window of defendant's vehicle, and threw what appeared to be a white napkin or white object into the car.

The undercover officer's observations, which described forms of conduct that the arresting officer, a trained and experienced narcotics officer, associated with a drug transaction (*see People v Perez*, 279 AD2d 285 [2001], *lv denied* 96 NY2d 804 [2001]), together with the arresting officer's own observation of the white napkin-wrapped package in defendant's hand as he lawfully approached defendant's stopped vehicle at a red light, furnished the requisite probable cause (*see People v McRay*, 51 NY2d 594 [1980]). The arresting officer had made previous arrests in the same area, in which drugs had been delivered in the exact same manner (*cf. People v Valentine*, 17 NY2d 128, 132 [1966]). The officer testified that it was common practice for dealers in that area to package cocaine in plastic bags wrapped in outer layers of napkins or tissue paper, as well as to throw cocaine into vehicles in the manner that occurred here. When the officer approached defendant's car, he observed, in plain view, a white napkin-wrapped object, identical in description to what had been observed by the undercover officer, in defendant's left hand. The officer's conclusion that the napkin contained cocaine was thus a reasonable one supported by the totality of the circumstances (*see People v Graham*, 211 AD2d 55, 58-59 [1995], *lv denied* 86 NY2d 795 [1995]). Concur—Tom, J.P., Williams, Friedman, Marlow and Sweeny, JJ.