■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREG NOBLES, Appellant. [882 NYS2d 25]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J., at suppression hearing; A. Kirke Bartley, J., at plea and sentence), rendered August 7, 2007, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him to a term of $3^1/_2$ years, unanimously affirmed.

The court properly denied defendant's suppression motion. After observing traffic violations, the police properly stopped the livery cab in which defendant was a passenger. There is no merit to defendant's claim that the hearing evidence failed to establish a lawful stop based on speeding (*see People v White*, 40 AD3d 535 [2007], *lv denied* 9 NY3d 883 [2007]); in any event, the stop was also based on failure to signal lane changes.

As the police stopped the cab, defendant made body movements evincing nervousness, and pushed a bag that he had been carrying on his body away from himself. This provided a founded suspicion of criminality justifying the officers' common-law inquiry as to the ownership of the bag (*see People v Eure*, 46 AD3d 386, 387 [2007], *lv denied* 10 NY3d 810 [2008]). Defendant's separation of himself from the bag was not innocuous, but was a clear signal that he did not want the police to associate him with the bag's contents.

The hearing court properly concluded that defendant is not entitled to suppression of the pistol the police found in the bag, because defendant abandoned the bag by both divesting himself of it and disclaiming ownership (*see e.g. People v Morales*, 243 AD2d 391, 392 [1997], *lv denied* 91 NY2d 877 [1997]). The record also supports the court's alternate basis for upholding the search of the bag (*see People v Mundo*, 99 NY2d 55 [2002]).

The court properly declined to suppress defendant's initial disclaimer of ownership, his subsequent spontaneous admission, and his videotaped statement made at the District Attorney's Office. There was an additional statement that the People did not intend to introduce at trial and for which they did not serve CPL 710.30 (1) (a) notice. Even assuming this statement was the product of custodial interrogation without *Miranda* warnings, the evidence supports the hearing court's finding that defendant's videotaped statement was sufficiently attenuated from the earlier police questioning (*see People v Paulman*, 5 NY3d 122, 130-134 [2005]).

We have considered and rejected defendant's remaining arguments. Concur—Tom, J.P., Friedman, Nardelli, Buckley and Abdus-Salaam, JJ.