■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HARPER II, Appellant. [903 NYS2d 166]—

Malone Jr., J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered August 11, 2006, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant was indicted on one count of criminal possession of a controlled substance in the third degree following a traffic stop during which a substantial quantity of cocaine was discovered on his person. After his motion to suppress the seized cocaine was denied, defendant pleaded guilty as charged and was sentenced to a prison term of three years and postrelease supervision of two years. He now appeals, focusing solely upon the propriety of County Court's suppression ruling.

Deferring to County Court's assessment of the credibility of witnesses at the suppression hearing, we affirm (*see People v Tillman*, 57 AD3d 1021, 1022 [2008]; *People v Ruffin*, 56 AD3d 892, 893 [2008]). The police officers involved appropriately stopped the automobile in which defendant was traveling after observing that neither he nor the driver was wearing his seat belt (*see People v Banks*, 85 NY2d 558, 562 [1995], *cert denied* 516 US 868 [1995]; *People v Noonan*, 220 AD2d 811, 812 [1995]). After the stop, defendant exited the vehicle without prompting and, despite being advised that he would have to remain near the car and that the officers intended to ticket him, attempted on more than one occasion to walk away, eventually forcing an

officer to detain him so that a ticket could be issued. In this context, defendant's evasive and suspicious conduct provided reasonable suspicion justifying his detention and a protective frisk, particularly when coupled with the fact that the officer who detained defendant was aware of allegations that defendant was involved in the gun trade (see *People v King*, 65 NY2d 702, 703 [1985]; *People v Nichols*, 250 AD2d 370, 370-371 [1998], *lv denied* 92 NY2d 881 [1998]). Given that defendant continued to resist, the officer's lifting of his untucked shirt to check his waistband for weapons during that frisk—at which time the cocaine became plainly visible—was reasonable and not intrusive (see *People v Muniz*, 12 AD3d 937, 939 [2004]; *People v Forbes*, 283 AD2d 92, 96-97 [2001], *lv denied* 97 NY2d 681 [2001]; cf. *People v Miles*, 208 AD2d 1089, 1091-1092 [1994]).

Peters, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.