Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered April 27, 2009, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and criminal contempt in the first degree.
Defendant pleaded guilty to a superior court information charging him with assault in the second degree and criminal contempt in the first degree. The People and defendant agreed to a joint recommendation of an aggregate sentence of five years in prison followed by three years of postrelease supervision, but, ultimately, left. the matter to the discretion of County Court. Defendant also waived his right to appeal, preserving only his right to appeal from a sentence greater than the joint recommendation. At the sentencing hearing, County Court adhered to the agreed-upon aggregate prison term of five years, but determined that the minimum allowable term of postrelease supervision was five years, and sentenced defendant accordingly. When County Court offered defendant the opportunity to withdraw the plea in light of the deviation from the agreed amount of postrelease supervision, defendant declined the offer.
Defense counsel now seeks to be relieved of her assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Upon reviewing *1121 counsel’s brief, defendant’s pro se submission and the record, we agree. As defendant received the minimum term of post-release supervision authorized by law (see Penal Law § 70.45 [2]), declined to withdraw his plea and otherwise waived his right to appeal from the agreed-upon sentence, no issue for appeal exists (see CPL 470.20 [6]; People v Graham, 43 AD3d 1205 [2007]; People v Smith, 32 AD3d 553, 554 n 1 [2006]; People v Anderson, 268 AD2d 228, 229 [2000], lv denied 95 NY2d 792 [2000]). Therefore, the judgment is affirmed and counsel’s request to be relieved of her assignment is granted (see People v Cruwys, 113 AD2d 979 [1985], lv denied 67 NY2d 650 [1986]; see generally People v Stokes, 95 NY2d 633 [2001]).
Mercure, J.P., Rose, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.