■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST HORGE, Appellant. [915 NYS2d 757]—

Peters, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered June 25, 2009, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

Defendant was charged in a two-count indictment after a diaper containing cocaine was found in the trunk of his rental car during a traffic stop. Following a hearing, County Court denied defendant's suppression motion insofar as it sought to suppress the cocaine. Defendant subsequently pleaded guilty to one count of attempted criminal possession of a controlled substance in the third degree and waived his right to appeal with the exception of the suppression issue. In accordance with the plea agreement, defendant was sentenced to a prison term of 3½ years to be followed by postrelease supervision of two years, and he now appeals.

According appropriate deference to County Court's assessment of witness credibility at the suppression hearing, we affirm (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Harper*, 73 AD3d 1389, 1389 [2010], *lv denied* 15 NY3d 920 [2010]). The State Trooper involved appropriately stopped defendant's vehicle after observing him make two abrupt lane changes without signaling (*see People v Nobles*, 63 AD3d 528, 529 [2009], *lv denied* 13 NY3d 798 [2009]; *People v Rice*, 44 AD3d 247, 250-253 [2007], *lv denied* 9 NY3d 992 [2007]). The Trooper then approached the open window of the vehicle and, from his past training and experience, he recognized the smell of burning marihuana, and he accordingly had probable cause to search the automobile (*see People v Gaines*, 57 AD3d 1120,

1121 [2008]; *People v Lightner*, 56 AD3d 1274, 1274-1275 [2008], *lvs dismissed* 12 NY3d 760, 763 [2009]; *People v Chestnut*, 43 AD2d 260, 261 [1974], *affd* 36 NY2d 971 [1975]). Indeed, the Trooper's detection of marihuana smoke was buttressed here by the fact that he momentarily went to his patrol car after detecting the marihuana odor and, upon his return, found that defendant had placed new air fresheners in the car and appeared to be attempting to destroy his cell phone. Contrary to defendant's argument, the circumstances presented "justifie[d] the search of every part of the vehicle and its contents that may conceal the object of the search," including the trunk (*United States v Ross*, 456 US 798, 825 [1982]; *see People v Ellis*, 62 NY2d 393, 398 [1984]; *People v Morgan*, 10 AD3d 369, 370 [2004]; *People v Brown*, 175 AD2d 952, 953 [1991], *lv denied* 78 NY2d 1126 [1991]).

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).