People v Henry (2025 NY Slip Op 51860(U))

[*1]

People v Henry

2025 NY Slip Op 51860(U)

Decided on November 24, 2025

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 24, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

against
Shundell Henry, Defendant.

CR-022335-25NY

Alvin L. Bragg, Jr., District Attorney, New York County (John Johnsen of counsel), for plaintiff. 
Twyla Carter, The Legal Aid Society, New York City (Santino Casola of counsel), for defendant.

Ilona B. Coleman, J.

The People move this court pursuant to CPL 245.40 (1) (e) for an order directing the defendant to submit to the taking of saliva and buccal cell samples. The defendant opposes, arguing that the People have shown neither "probable cause to believe the defendant has committed the crime" nor "a clear indication that relevant material evidence will be found" (CPL 245.40 [e]). In the alternative, the defendant requests that the People's motion be held in abeyance until after a suppression hearing is held. For the reasons below, the People's motion is granted.
I. Relevant Facts
The defendant was arrested on July 14, 2025, and charged by felony complaint with the crime of criminal possession of a weapon in the second degree (PL § 265.03 [3]) and related offenses. The case has not been presented to the grand jury.
On September 19, 2025, the People filed the instant motion to compel a sample of the defendant's DNA. The People state that Police Officer Rashawn Hollenquest informed them that, on July 14, 2025, he responded to a 911 call reporting that there was a firearm in a deli bathroom. When he arrived at the deli, he observed the defendant, who was wearing a backpack, leave the bathroom and then leave the deli. PO Hollenquest followed the defendant out of the deli, at which point the defendant began to run. PO Hollenquest ran after the defendant and stopped him about half a block away. At that time, he "frisked" the backpack and felt a hard object he believed was a firearm. He then removed a black plastic bag from the backpack, and inside this bag was a loaded revolver.
The firearm was swabbed for DNA, and the People submitted with their motion a report of the testing and analysis of those swabs. The report, completed by a technician from the Office of the Chief Medical Examiner (OCME), states that the DNA mixtures recovered from those swabs are suitable for comparison. 
II. Motion to Compel
Under CPL § 245.40 (1) (e), the court may order a defendant to "[p]ermit the taking of samples of . . . materials of the defendant's body that involves no unreasonable intrusion" upon a showing of "probable cause to believe the defendant has committed the crime, a clear indication that relevant material evidence will be found, and that the method used to secure such evidence is safe and reliable." (See also Matter of Abe A., 56 NY2d 288, 291 [1982].) Once these standards are met, the court must, as a constitutional matter, "weigh the seriousness of the crime, the importance of the evidence to the investigation and the unavailability of less intrusive means of obtaining it, on the one hand, against concern for the suspect's constitutional right to be free from bodily intrusion on the other" before issuing such an order (Abe A., 56 NY2d at 291). The People have satisfied the CPL § 245.40 (1) (e) factors, and on balance, the court finds that the intrusion is justified. 
First, the People have established probable cause to believe that the defendant possessed a firearm in violation of PL § 256.03 (3) (see CPL 70.10 [2] [probable cause exists when evidence is "of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it"]; see also People v Carrasquillo, 54 NY2d 248, 254 [1981] ["reasonably likely" means "at least more probable than not"]). Here, a police officer recovered a loaded firearm from a backpack that the defendant was wearing, which is sufficient to establish probable cause that the defendant possessed the firearm (see In re Anthony B., 268 AD2d 265, 266 [1st Dept 2000], People v Morales, 243 AD2d 391, 392 [1st Dept 1997]). The defendant also ran when the police officer began to follow him, which further supports the inference that the defendant was aware of the firearm in his backpack. The defendant asserts that these facts are insufficient to establish probable cause but does not articulate any specific shortcoming in the People's allegations. The defendant's other arguments — that the case has not been presented to a grand jury, that People have not yet provided discovery — are irrelevant to the probable cause analysis. 
Second, the People have also met their burden of showing "a clear indication that relevant material evidence will be found" (CPL § 245.40 [1] [e]). The Office of the Chief Medical Examiner analyzed swabs of the firearm recovered in this case and found one DNA sample suitable for comparison. A buccal swab would provide the People with the defendant's DNA that could then be compared to the DNA mixture found on the firearm. Whether the defendant's DNA is on the firearm is clearly relevant and material to this case. Here, the defendant argues that the People have not met their burden because they failed to establish "the connection between the information contained in the 911 call and the fruits [of] the search of [the defendant's] belongings" (defense aff, p. 5). This argument is without merit. The People have no obligation to prove "whether there had ever been any gun in that bathroom . . . or whether [the defendant] had come into contact with it" (id., p. 6). Rather, they must prove whether the defendant possessed the firearm that was found in his backpack. A sample of the defendant's DNA is self-evidently relevant and material to that question, and nothing in the defendant's argument suggests otherwise.
Third, the People have met their burden to show that "the method used to secure [a sample of the defendant's DNA] is safe and reliable" (CPL 245.40 [1] [e]). In particular, buccal swabs are safe and reliable. The defendant does not argue otherwise.
Further, the court finds the search to be justified under the Abe A balancing test (see 56 NY2d at 291 [courts must "weigh the seriousness of the crime, the importance of the evidence to [*2]the investigation and the unavailability of less intrusive means of obtaining it, on the one hand, against concern for the suspect's constitutional right to be free from bodily intrusion on the other"]). The defendant is charged with a class C violent felony, and DNA analysis is often the most important evidence in a firearm prosecution. A buccal swab — which is not painful, does not involve piercing the skin, and takes only seconds to complete — involves very little bodily intrusion, and the defendant has not suggested any less intrusive option.
Finally, while it may be a prudent exercise of judicial discretion in some cases to delay consideration of a motion to compel until after a suppression hearing can be held, this is not such a case. The defendant has not shown that he is likely to prevail on a suppression motion. Holding the motion in abeyance would significantly hinder the prosecution and delay the defendant's trial and would not advance any judicially cognizable interest.
The People's motion to compel is therefore granted, and the defendant's request to hold the People's motion in abeyance is denied.
III. Conclusion
It is hereby ORDERED that Mr. Henry provide samples of his saliva and buccal cells as needed to any member of the New York City Police Department or an investigator employed by the New York County District Attorney's Office, or another law enforcement official. The taking of such samples shall take place at the 12th floor bridge, 100 Centre Street, New York, NY, or at the District Attorney's Squad Office. 
This constitutes the decision and order of this court.
Dated: November 24, 2025
New York, NY
Ilona B. Coleman, J.C.C.